IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STARS DESIGN GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 24-cv-00620-HEA |
| | ) |
| SUN COAST MERCHANDISE | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF JEFF A. BACK

I, Jeff A. Back, state as follows:

1. I am Jeff A. Back.

2. I have read Plaintiff's Complaint.

3. I resigned from Stars Design Group, Inc. ("Stars") effective May 23, 2023, where I had been serving as its Senior Vice President of Merchandising and General Merchandising Manager.

4. As a member and senior executive of Stars, I would regularly engage with Stars' then-CFO, Tim Valley and other members of Stars' accounting, logistics, and sales departments or otherwise to provide the best data to Stars as a company and its owner.

5. Prior to May of 2022, I, along with several Stars lead executives and accounting staff were given portable servers for remote work. The servers allowed us to access the company drives with the same ease and speed as if we were working at the Stars office. In May 2022, or thereabout, Stars rehired Jacob Hileman to assist Tim Valley with Stars' annual audit conducted by Schowalter & Jobouri. Both Mr. Hileman and Mr. Valley were working remotely at the time and thus both needed portable servers. Because Stars did not have enough servers to go around, I

1

let Tim Valley have my portable server as I was in the office most of the time anyway. However, when I was traveling or working on the weekends the loss of my portable server became a significant hindrance to my ability to access documents and work remotely. My solution was to email myself pertinent documents that I needed for work issues to be completed on off time or during travel. For such work, I used my personal computer with a larger screen than Stars-issued laptop, which was easier for me to use.

6. The documents referenced in the Complaint and Mr. Schnitker's affidavit were emailed to my personal email address so that I could perform Stars work remotely. I have never utilized any of these documents for any purpose other than for performing work for and for the sole benefit of Stars.

7. I did not attend a meeting with Staples on May 18, 2023. I met Stuart Wright and Theresa Vail, for the first time, in January 2024.

8. At no point in time after my resignation did anyone at Stars request that I return my Stars-issued Microsoft Surface laptop. The week I resigned from Stars, I provided the laptop to an IT professional, who wiped the laptop to its original factory condition. Because Star never requested that I return the laptop, and I had no use for it, I gifted the laptop to my son in December 2023 as he had been looking to buy a laptop to use at weekly Dungeons and Dragons nights. The laptop remains in my son's possession.

9. There was a precedent in which Stars allowed terminated staff members to keep company laptops. For instance, as recently as last year, Stars allowed a terminated designer (Donovan Smith) to retain a MacBook laptop after his firing. As such, the fired employee remains in possession of and was given the ability to access Stars Design drive to help build a portfolio and access other Stars designers' work.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

Executed on May 5, 2024

/s/ _____
Jeff A. Back

3