**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STARS DESIGN GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 24-cv-00620-HEA |
| | ) | |
| SUN COAST MERCHANDISE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STAPLES' ANSWER,
<u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

COME NOW Defendant/Counterclaimant Staples Promotional Products, a division of Staples Contract & Commercial LLC ("Staples"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses and Counterclaims to Plaintiff Stars Design Group, Inc. ("Stars") Complaint, states as follows:

**I.      ANSWER**

<u>**INTRODUCTION**</u>

1.      After working at Stars for approximately twelve (12) years, Back quit on May 23, 2023, stating he planned to "retire." Instead, Back immediately went to work for Stars' direct competitor, Sun Coast, under a plan in the works for months, taking nearly ten million dollars ($10,000,000) in annual revenue from Stars' customers to his new employer. This action is the result of Stars' recent discovery that Back, while he was employed by Stars, engaged in systematic, unauthorized taking and use of Stars' trade secrets, intellectual property, confidential documents and other proprietary information which he supplied to Sun Coast. Sun Coast is now improperly competing and servicing Stars' former customers, including Staples, using the confidential information, intellectual property and trade secrets that Back misappropriated on his way out the

1

door.  Moreover, Staples has knowingly purchased products from Sun Coast which it knew were created using Stars trade secrets and intellectual property, acquired through improper means, and resold those products to its customer, Snap-On Tools.  Stars seeks to enjoin Defendants' ongoing use of its misappropriated intellectual property, to stop the significant harm they are already causing, and to prevent further losses.

**ANSWER:** Staples denies all allegations concerning Staples or directed to Staples. Answering further, Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Stars is a Missouri corporation with its principal place of business located at 1301 Gravois Ave., St. Louis, MO 63104.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph.

3.      Although a California corporation, this Court has personal jurisdiction over Sun Coast pursuant to the Missouri Long-Arm Statute, Mo. Rev. Stat. §560.500, under principles of specific and general jurisdiction as Sun Coast has committed tortious acts in the State of Missouri, operates business offices located in the State of Missouri, conducts significant business in the State of Missouri, employs Defendant Back who conduct business on its behalf from the State of Missouri, and has sufficient minimum contacts with the State of Missouri such that exercise of jurisdiction over Sun Coast does not offend tradition notions of fair play and substantial justice.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

4.      Although a Kansas corporation, this Court has personal jurisdiction over Staples pursuant to the Missouri Long-Arm Statute, Mo. Rev. Stat. §560.500, under principles of specific

and general jurisdiction as Staples has committed tortious acts in the State of Missouri, operates business offices located in the State of Missouri, conducts significant business in the State of Missouri, employs Patricia Ponce Mendoza ("Mendoza") who conducts business on its behalf from her home office in St. Charles County, Missouri, and has sufficient minimum contacts with the State of Missouri such that exercise of jurisdiction over Staples does not offend tradition notions of fair play and substantial justice.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples, for the purpose of this action only, admits that this *Court* has personal jurisdiction over the Parties.

5.    Defendant Back is an individual residing in Kirkwood, St. Louis County, Missouri.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph.

6.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Stars asserts federal claims under the Defend Trade Secrets Act of 2016, 18 U.S.C §§1832-1839 (the "DTSA").

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples, for the purpose of this action only, admits that this *Court* has subject-matter jurisdiction over the Parties on Plaintiff's federal claims. Staples denies all other allegations contained in this Paragraph.

7.      This Court also has supplemental jurisdiction over Stars' remaining claims pursuant to 28 U.S.C. §1367, because those claims form a part of the same case or controversy as Stars' federal question claims.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

8.      Venue is proper in this Court because a substantial part of the actions giving rise to this lawsuit occurred in the Eastern District of Missouri.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples admits that venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

Stars and Its Former Employees and Customers, Now Working with Its Competitor, Sun Coast

9.      Stars is an apparel design and manufacturing company founded in 2000.

**ANSWER:** Staples admits Stars is an apparel design and manufacturing company. Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

10.     Based in Missouri, Stars maintains a network of international factories specializing in production of a diverse array of custom apparel.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

11.    Today, Stars develops apparel programs for brands and businesses and offers a full-service design staff, development and sourcing teams, and access to Stars' relationships with manufacturers in fourteen (14) countries.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

12.    Sun Coast is a direct competitor of Stars.

**ANSWER:** Admitted.

13.    Sun Coast, doing business as Sunscope, is a manufacturer, importer and supplier of promotional products, including apparel.

**ANSWER:** Staples admits Sun Coast is a company that supplies promotional products, including apparel. Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

14.    Stars' former employees, Back, Casey Zona, Matt Hencke, Cory Watkins, Zachary Ufkes, Raven Pulliam, Revanth Karthik, Madu K G, Lijo Jose, and S. Senkottaiyan, ("Stars' Former Employees") are now employed by Sun Coast.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

15.    Specifically:

a.    Back was employed by Stars from September 1, 2011 to May 23, 2023 as its Senior Vice President of Merchandising/GMM (General Merchandise Manager), primarily responsible for managing all staff on Stars' pre-production teams, including

decision-making authority on factory allocation, costing, quality control, production and timely delivery of Stars' products. By virtue of his employment, Back held the highest level of permissions for access to Stars' confidential information, other than Stars' CEO. Back announced his resignation from Stars on May 9, 2023, stating he planned to "retire."

b. Casey Zona ("Zona"), Stars' former Vice President of Client Integration, was primarily responsible for managing, maintaining and growing Stars' key customer accounts, including Staples. By virtue of her employment, Zona had access to detailed financial information including costing of Stars' products. Zona prepared costing analysis, which was provided to Back, and designed to maximize profitability for Stars, yet meet its clients' goals. Zona resigned from Stars simultaneously with Back, on May 9, 2023. Upon leaving Stars on May 23, 2023, both Back and Zona immediately went to work for Sun Coast.

c. Raven Pulliam ("Pulliam"), Stars' former Merchandiser, resigned from Stars approximately one week after Back and Zona. Pulliam now works for Sun Coast.

d. Revanth Karthik ("Karthik"), Stars' former Director of Merchandising, resigned from Stars shortly thereafter in June 2023. Karthik now works for Sun Coast.

e. Cory Watkins ("Watkins"), Stars' former Logistics Manager, resigned from his employment with Stars on August 4, 2023, and his last day at Stars was September 20, 2023. Watkins now works for Sun Coast.

f. Matt Hencke ("Hencke"), who was in sales at Stars and also sits on its board of directors, never gave notice of his resignation from Stars but now works for Sun Coast.

g.   Several other Stars' Former Employees, responsible for merchandising and logistics, including employees from Bangalore, India, left Stars from June 2023 through February 2024, and now work for Sun Coast.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph or its subparts. To the extent an answer is required, Staples denies and demands strict proof thereof.

16.    Back, in furtherance of his employment with Sun Coast and for its benefit, recruited Stars' Former Employees in the United States and India in order to steal the Staples business, as well as other customers, from Stars.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

17.    Indeed, as set forth more fully below, using Stars' trade secrets and confidential information learned during his employment with Stars, Back, Stars' Former Employees and their new employer, Sun Coast, now do business with Staples and other former customers of Stars including Milwaukee Tool, BRP, Allison Putnam and Supermex (collectively Stars' "Former Customers").

**ANSWER:** Staples admits that Suncoast is a current supplier to Staples and has been for over a decade. Staples denies the remaining allegations contained in this Paragraph.

18.    The loss of business to Stars, and corresponding unjust enrichment to Sun Coast, by virtue of the wrongful diversion of Stars' Former Customers to Sun Coast is approximately Ten Million Dollars ($10,000,000.00) in revenue annually.

**ANSWER:** Staples denies the allegations with respect to Staples. Answering further, Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

<u>Stars' Trade Secrets</u>

19.    In the course of its businesses, Stars developed, generated, and maintained substantial confidential and proprietary information, including trade secrets, which are critical to maintaining Stars' competitive edge over other enterprises not in possession of such information.

**<u>ANSWER:</u>** Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples. Answering further, Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

20.    Such confidential information and trade secrets include but are not limited to: product designs and specification, information related to Stars' operations, personnel, research and development efforts, material sourcing, costs, pricing, pricing methodologies and profit margins, marketing strategies, customers (including customer lists and customer data), suppliers, vendors, referral sources, sales, marketing and business plans and strategies, inventions, concepts, ideas, designs, artwork and market research (Stars' "Trade Secrets").

**<u>ANSWER</u>**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof.

21.    Stars' Trade Secrets are not generally known to, or readily ascertainable through proper means, by individuals or entities outside of Stars.

**<u>ANSWER</u>**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples

denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof.

22.    Stars has invested significant time, effort, and expense in establishing and developing their Trade Secrets, and in developing valuable and extensive goodwill and long-standing lucrative contacts and business relationships with Stars' customers through the use of such Trade Secrets.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof.

23.    Thus, Stars derives an economic benefit from its Trade Secrets not being readily known or ascertainable through proper means by persons outside of the Stars organization.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof.

24.    Stars devotes significant efforts and resources to protecting its Trade Secrets from unauthorized possession, use, or disclosure. Among other precautions, Stars: (1) restricts access to such information to those employees with a need to know; (2) requires any sharing of such information to be via email to those employees with a need to know or via shared folders with appropriate permission levels; and (3) uses password-protected computers, servers, and cloud software to store and safeguard such information.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof. Answering further, Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

25.    Stars also specifically protects its Trade Secrets by requiring its customers to purchase product specifications for custom apparel produced by Stars.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and demands strict proof thereof. Answering further, Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

26.    Specifically, Stars' products are produced using individually created technical product specifications ("Tech Packs") which are 20–30-page documents unique to each garment designed by Stars.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

27.    Stars' Tech Packs contain detailed instructions for the manufacture of its products including information regarding sizing, fit, materials, colors, designs and artwork.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

28.    Tech Packs are complicated and time consuming to create and no universal standard or template is used.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

29.    Stars uses "Be Product" software for development of its Tech Packs.  Access to the Be Product software is password protected and Stars' employees are only provided with passwords on a need-to-know basis.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

30.    The Be Product software generates unique Stars' style codes, specific to each Stars designed product, which are included on Stars' Tech Packs.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

31.    Only if Stars receives a purchase order, or other written agreement for a garment, does Stars' purchasing customer obtain rights to the Tech Pack for that specific garment. A customer that does not issue a purchase order, or does not pay for the Tech Pack, has no rights in Stars' Tech Packs.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

32.    In addition to requiring a purchase order for the transfer of ownership of its Tech Packs, Stars protects its Trade Secrets by establishing policies and procedures in its Employee Handbook. The Star's Employee Handbook is attached hereto as Exhibit A and incorporated herein by reference.

**ANSWER:** Staples denies that Stars requires a purchase order for the transfer of ownership of its Tech Packs and denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples. Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph and demands strict proof thereof. Answering further, Staples states that the Employee Handbook referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the terms of the Employee Handbook.

33.    Stars' Former Employees received and acknowledged the policies and procedures contained in Stars' Employee Handbook.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

34.    The Employee Handbook contained the following related to the Disclosure and or Use of Confidential Information:

> In the normal course of business, employees may be given or may acquire information about the business of STARS, its affiliates, its clients, and its employees that is not available to the general public. This information is confidential and is considered the exclusive property of STARS. **The term "confidential information" includes, but is not limited to, financial data, business plans and strategies, artwork, technical renderings, "know-how" product [and] client lists, computer software programs, and employee**

**information.** All employees are responsible for respecting and maintaining the confidential nature of such information.

**Upon separation of employment for any reason, all confidential information must remain in the possession of STARS, and all employees are to return to STARS all originals and copies of such confidential information.**

If an employee has any questions about whether information is confidential, he or she should contact a member of management. This policy is not intended to supersede or modify any written agreements employees have entered into with the organization to protect confidential property or information.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph and demands strict proof thereof. Answering further, Staples states that the Employee Handbook referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the terms of the Employee Handbook.

35.    By virtue of his employment with Stars, Back had access to Stars' Trade Secrets, including but not limited to Tech Packs, customer lists, customer contact information, marketing strategies, product information, customized product development, designs, costing, internal pricing structures and pricing strategies that are not shared with customers.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

36.    Stars' Trade Secrets derive economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from their disclosure or use, and are the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

**ANSWER:** Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples. Answering further, Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph and to the extent an answer is required, Staples denies and demands strict proof thereof.

<u>Stars' Other Intellectual Property</u>

37.    In the course of its work for customers, Stars creates designs and artwork ("Stars' Artwork") for its custom apparel. Stars' Artwork incorporates design elements which can be perceived as works of art separate from the clothing items themselves and which qualify as protectable pictorial, graphic or sculptural works when fixed in a tangible medium of expression.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples. Answering further, Staples is otherwise without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph and demands strict proof thereof.

38.    The Stars Artwork is created by Stars' employees and, subject to an express written agreement to the contrary, all right, title and interest in and to the Stars Artwork is owned by Stars, including all rights protected under the U.S. Copyright Act of 1976, 17 U.S.C. § 501 *et seq*.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples. Answering further, Staples is otherwise without knowledge and information sufficient to

admit or deny the remaining allegations contained in this Paragraph and demands strict proof thereof.

39.    The U.S. Copyright Office has granted Registration Number Vau 1-524-364 with an effective date of April 24, 2024 for three specific designs that are example of Stars' Artwork. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the registration and the registered designs.

**ANSWER:** Staples states that the registration and registered designs referenced in this Paragraph are the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

40.    As the owner of the copyright in and to the Stars Artwork, Stars has the exclusive right to reproduce, distribute, display and prepare derivative works based upon the Stars Artwork.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph to the extent they relate to Stars claims against Staples and therefore demands strict proof thereof.

41.    Only if Stars receives a purchase order or other written agreement for a garment that incorporates Stars Artwork does Stars' purchasing customer obtain any rights to the Stars Artwork. A customer that didn't issue a purchase order, or didn't pay for the Stars Artwork, has no rights in the Stars Artwork.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

42.    For example, the ownership of the Stars Artwork, Trade Secrets and other intellectual property is confirmed by a 2009 supplier agreement between Stars and Staples. A true

and accurate copy of the terms and conditions of the supplier agreement (the "Staples Terms and Conditions") is attached hereto as Exhibit C and incorporated herein by reference.

**ANSWER:** Staples denies the allegations contained in this Paragraph. Answering further, Staples states that the "Staples Terms and Conditions" referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the terms of the same.

43.    Pursuant to paragraph 4 of the Staples Terms and Conditions, Staples and Stars agreed that "[a]ll material or information produced and ideas or processes conceived or developed by [Stars] ___*under a purchase order*___ for custom orders submitted by [Staples], including, without limitation, designs, adaptations, documentation, inventions, concepts, methods and techniques are "works for hire'" and all related copyrights, trade secrets and other intellectual property is "owned and/or authorized solely by [Staples] and /or its customers." Exhibit C, para. 4 (emphasis supplied).

**ANSWER:** Staples denies the allegations contained in this Paragraph. Answering further, Staples states that the "Staples Terms and Conditions" referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the terms of the same.

44.    The existence of the Staples Terms and Conditions confirms that all Stars' Artwork and other intellectual property, including Tech Packs, is owned by Stars absent a purchase order or other written agreement to the contrary.

**ANSWER:** Staples denies the allegations contained in this Paragraph. Answering further, Staples states that the "Staples Terms and Conditions" referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the terms of the same.

<u>Back Misappropriates Stars' Trade Secrets and Other Intellectual Property</u>

45.    By virtue of his employment with Stars, Back had access to Stars' Trade Secrets and other intellectual property, including Stars' Artwork and Tech Packs.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

46.    Unbeknownst to Stars, Back, during his employment with Stars, began plans to wrongfully compete against Stars and steal its Trade Secrets, intellectual property and other confidential and proprietary information for the benefit of his new employer, Sun Coast.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

47.    On January 13, 2023, in an email with the subject "Staples Margin FY2023" Back obtained from Tim Valley, Star' former Chief Financial Officer, information and documents showing margins for Stars' former customers Staples and Allison Putnam. The attachments to the January 13, 2023 email contain Stars 2023 and 2024 sales forecast and pricing and profit information. Back emailed all such information to himself the same day it was received.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

48.    On January 25, 2023, in an email with the subject "Prx work," Back emailed himself detailed pricing information for Stars' former customer Milwaukee Tool in attachments

labled MILWAUKEE TOOL WORKWEAR FOB 1-25-23 FALL 2023 THD & NON DH.xlsm and MET FALL 2024 WW FOB 1-25-23.xlsm.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

49.     On February 24, 2023, Back forwarded "pricing work" for Stars' Former Customers Milwaukee Tool, Staples/Snap-On and Boot Barn in attachments labeled BOOT BARN F23-S24 CJ AND BP BLZRS-2-13-23JB.xlsm; STAPLES-SNAP-ON RA JKT F-W 2023-FINAL 11-22-22.xlsm; MET FALL 2024 WW FOB 2-21-23JAB.xlsm, to his personal email address (backjs93@msn.com).

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

50.     On March 23, 2023, Back forwarded a spreadsheet containing Fall 2023 Supermex Golf styles and pricing to himself.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

51.     On April 4, 2023, Back requested and obtained a copy of Stars' Country of Origin (COO) Report – Factory Cost for Customers Invoiced in FY2023 and Uninvoiced as of 4-1-2023.xlsx to backjs93@msn.com.  The COO Report contained Stars' factory costs for all factories producing products for Stars' customers in 2023.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

52.    On April 10, 2023, Back forwarded a copy of Stars' general ledger transaction report to his personal email address (backjs93@msn.com).

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

53.    On April 12, 2023, Back forwarded a copy of Stars' Artwork for Mammoth and Fireball Whisky apparel to backjs93@msn.com.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

54.    On April 18, 2023, in an email with the subject "HRC Pricing -Bret", Back forwarded himself pricing for Stars' former customer Hard Rock Café in attachments labeled HRC CORE DENIM 4-18-23JB.xlsm; HRGC ROCKER CLOSET 4-18-23JB.xlsm; and HRGC SIGNATURE SKULLS 4-18-23JB.xlsm.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

55.    On May 5, 2023, Back accessed and forwarded a copy of Stars' 2024 sales forecast his personal email address (backjs93@msn.com).

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

56.    The foregoing documents contain Stars' Trade Secrets and information such as total sales on accounts, margin percentage on accounts, gross profits on accounts, and overhead allocation, i.e., the exact information needed to compete against Stars and attempt to undercut them on price with customers.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

57.    There was no legitimate business purpose for Back to send the above-mentioned emails containing Trade Secrets to his personal email account.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

58.    At the conclusion of his employment with Stars, Back failed and refused to return his Stars issued laptop computer, which contained Trade Secrets, Tech Packs, Stars' Artwork, and other intellectual property and had access to Stars' systems.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

59.     To date, Back is still in possession of his Stars issued laptop computer and the Trade Secrets, Tech Packs, Stars Artwork, and other confidential and proprietary information contained therein.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

60.     Despite demand, Back has failed and refused to return Stars' laptop issued to Back.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

61.     Upon information and belief, Back continues to have access to all Stars' information (including the foregoing emails and attachments contained therein.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

<u>Staples and Snap-On Tools Hoodies and Jackets</u>

62.     Over the course of many years, Staples purchased Snap-On Tools branded products from Stars, some of which incorporated Stars' Artwork.  Staples then sold these products to Snap-On.

**ANSWER:** Staples admits that, in recent years, Staples has purchased from Stars certain branded products for Staples' customer Snap-On Tools. Staples denies all other allegations contained in this Paragraph.

63.     Stars' relationship with Staples resulted in approximately seven million dollars ($7,000,000) in annual revenue.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

64.     As early as July 2022, Stars was working with Staples employee, Mendoza, Staples' Strategic Account Manager, regarding the design and procurement of Snap On promotional hoodies.

**ANSWER:** Staples admits that Staples' employee Patty Mendoza engaged with Stars in 2022 regarding the procurement of Snap-On branded hoodies. Staples denies all other allegations contained in this Paragraph.

65.      Stars produced Tech Packs and Stars' Artwork for Snap On branded hoodies that incorporated car, truck and motorcycle designs protected by copyright law, owned by Stars  and for which Registration Number Vau 1-524-364 as depicted in Exhibit B hereto was issued by the U.S. Copyright Office ("Vehicle Graphic Hoodies").

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph. Answering further, Staples states that the registration and registered designs referenced in this Paragraph are the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

66.     These designs constituted Stars' Artwork and all right, title, and interest in and to said designs, including all copyright interests, are owned exclusively by Stars.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph and demands strict proof thereof.

67.    Stars provided the Tech Packs and Stars' Artwork to Mendoza with the understanding that Staples would purchase the Vehicle Graphic Hoodies from Stars.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

68.    Stars provided pricing information to Mendoza and sought her approval so that the Vehicle Graphic Hoodies could be ordered for sampling.

**ANSWER:** Staples admits that Staples ordered the hoodies for sampling. Staples denies the remaining allegations contained in this Paragraph.

69.    Mendoza provided her approval, and the Vehicle Graphic Hoodie samples were sent to her Staples home office located at 125 Huntington Park, St. Charles, Missouri 63301.

**ANSWER:** Staples admits that Mendoza provided her approval for the order of hoodies for sampling and that samples were sent to her.  Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

70.    In February 2023, Zona requested a purchase order from Mendoza for the Vehicle Graphic Hoodies.  Staples did not furnish a purchase order.

**ANSWER:** Staples denies the allegations contained in this Paragraph. As admitted by Stars in Paragraphs 68-69, Staples ordered the hoodies for sampling.

71.    On March 3, 2023, Back downloaded the Tech Pack for the Vehicle Graphic Hoodies from Stars' password protected server and emailed the material from Stars email system to his personal email.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

72. Stars' Vehicle Graphic Hoodie Tech Pack, which was wrongfully taken by Back, contained the following information:

a.    Style Name (Vehicle Graphic Hoodie);

b.    Style Number (SNF23KT0171) generated from Stars' Be Product software;

c.    Color Name (Grape Leaf, Tornado, Kangaroo), and

d.    Stars' Artwork for the Vehicle Graphic Hoodies (see below).







**ANSWER:** Staples states that the Vehicle Graphic Hoodie Tech Pack referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.  Answering further, Staples

denies that Stars owns the alleged artwork or designs that form the basis of Stars' claims against Staples in this lawsuit. Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph and to the extent an answer is required, Staples denies and demands strict proof thereof.

73.    In April 2023, while Back, Zona and Karthick were employed by Stars, its competitor, Sun Coast**,** issued purchase order number 04/23/40354 to Stars' factory partner for the manufacture and delivery of the Vehicle Graphic Hoodies.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

74.    Sun Coast has admitted that Staples provided it with the sample Vehicle Graphic Hoodies developed by Stars and that those garments incorporate the Stars' Artwork. *See,* correspondence from Sun Coast's Attorney, Steven Shapiro, dated April 17, 2024 (the "Sun Coast Admission") stating "[i]n reference to the hoodie order of approximately 15,000 hoodies for Snap-On via Staples, Sun Coast was provided exemplar hoodies by Staples."  A true and accurate copy of the Sun Coast Admission is attached hereto as Exhibit D and incorporated herein.

**ANSWER:** Staples states that the letter referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Answering further, Staples denies the allegations contained in this Paragraph and therefore demands strict proof thereof.

75.    However, it is clear from the International Bill of Lading for shipment of the Vehicle Graphic Hoodies that Sun Coast was also provided Stars' Vehicle Graphic Hoodie Tech Pack which

was wrongfully misappropriated by Back. *See* Scanwell Container Line LTD International Bill of Lading attached hereto as Exhibit E (the "Bill of Lading") and incorporated herein.

**ANSWER:** Staples states that the Bill of Lading referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Answering further, Staples denies the allegations contained in this Paragraph and therefore demands strict proof thereof.

76.     As shown below, the Bill of Lading for the Vehicle Graphic Hoodies references the identical style name (Vehicle Graphic Hoodie); unique internal Style Number (SNF23KT0171) and color names (Grape Leaf, Tornado, Kangaroo) as contained on the Stars' Tech Pack.

**ANSWER:** Staples states that the Bill of Lading referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

77.     Although Sun Coast and Staples were aware that Stars developed the Vehicle Graphic Hoodies– from art and technical design to fabrication and delivery of samples to Staples - Stars never received a purchase order from Staples for the Snap On Vehicle Graphic Hoodies.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

78.     Upon information and belief, Staples and/or Back reproduced the Stars' Artwork incorporated in the Vehicle Graphic Hoodies and distributed the Stars' Artwork and Vehicle Graphic Hoodie Tech Pack to Sun Coast.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

79.     While Back was still employed by Stars, Staples purchased the *identical* Snap On Vehicle Graphic Hoodies through Sun Coast. *See*, Exhibit E, Bill of Lading, confirming the

shipment of the Vehicle Graphic Hoodies (with matching Stars style name, style number, and colors) with reference to a Sun Coast purchase order.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

80.    The Vehicle Graphic Hoodies were purchased by Staples, through Sun Coast, with direct knowledge that they were developed using Stars' Artwork, graphics, and Tech Packs.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

81.    Staples then further disseminated these materials to Snap On, earning revenue for its sale of Stars generated products purchased from Sun Coast.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

82.    Today, the Vehicle Graphic Hoodies are available in the secondary market, including on eBay, as depicted below.





**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

83.     Stars has obtained the Vehicle Graphic Hoodies from ebay and the label contains the precise Stars' Style Number (SNF23KT0171), generated through Stars' Be Product software, contained on Stars' Tech Pack, and referenced on the Bill of Lading for shipment to Sun Coast.

**ANSWER:** Staples states that the label referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Answering further, Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

84.     A sticker on the outside packaging of the Vehicle Graphic Hoodies contains the same identifying information from the Stars' Tech Pack and the Sun Coast Bill of Lading: Style

(Vehicle Graphic Hoodie); Style Number (SNF23KT0171) and color names (Grape Leaf, Tornado, Kangaroo).

**ANSWER:** Staples states that the sticker referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Answering further, Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

85.    A tag on the inside of the Vehicle Graphic Hoodies states:

**Manufactured by**
Sun Coast Merchandise Corp
6405 Randolph Street
Commerce, CA 90049

**Distributed by**
Staples Promotional Products
7500 W. 110 St.
Overland Park, KS 66210

**ANSWER:** Staples states that the tag referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Answering further, Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

86.    Upon information and belief, similar misconduct has occurred with respect to Stars' designed Snap-On jackets.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

87. On March 2, 2023, one day before he stole Stars' Tech Pack for the Vehicle Graphic Hoodies, Back forwarded to his personal email address, detailed material and fabric specifications and pricing for a Snap-On jacket program developed by Stars (the "Jackets").

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

88. Shortly thereafter, on May 18, 2023 (prior to the Former Employees departure from Stars, but after their resignation), Mendoza along with Staples employees Theresa Vail, Courtney Scott, Thomas Goddard and Stuart Wright had a meeting with Stars' employees, including Back, to discuss the Jackets.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

89. However, in November 2023, just a few days before Thanksgiving and to Stars' surprise, Staples informed Stars that it had voluntarily terminated their contract.

**ANSWER:** Staples denies the allegations contained in this Paragraph. Staples informed Stars in November 2023 that Stars had not been selected to supply custom branded jackets for Staples' customer Snap-On Tools in 2024.

90. On January 29, 2024, Staples Global Project and Solutions Manager, Ruiping Ramboldt, emailed Back at jeffb@sunscopeusa.com regarding "2023 Snap-On Jacket Post Mortem – Action Items from the meeting – Need Your Feedback" ("Staples Jacket Correspondence"). A true and accurate copy of the Staples Jacket Correspondence dated January 29, 2024 is attached hereto as Exhibit F and incorporated herein.

**ANSWER:** Staples states that the email referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

91.    The Staples Jacket Correspondence inadvertently copied Stars' former employee, Cory Watkins, at his Stars email address.

**ANSWER:** Staples states that the email referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

92.    The Staples Jacket Correspondence definitively establishes that Staples is now working with Sun Coast to produce the Jackets.

**ANSWER:** Staples states that the email referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Staples admits that it engaged Sun Coast to produce custom branded jackets for sale to Snap-On. Staples denies all other allegations contained in this Paragraph.

93.    Knowing Stars may uncover his wrongdoing, on January 31, 2024, Back responded to Staples' Jacket Correspondence and reminded them to be "triple careful" not to include anyone from Stars on their emails. *See* email dated January 31, 2024, attached hereto as <u>Exhibit G</u> and incorporated herein by reference.

**ANSWER:** Staples states that the email referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same. Staples denies the remaining allegations in this Paragraph.

94.    Still, on February 7, 2024, Staples again inadvertently copied Watkins (at his Stars' email) on correspondence with the subject "2024 Snap-on Jackets Planning- Tomorrow's Call & Delivery Schedule" requesting delivery of the Jackets in July and August, 2024. *See* email dated February 7, 2024, Exhibit H and incorporated herein by reference.

**ANSWER:** Staples states that the email referenced in this Paragraph is the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

95.    Back and Sun Coast knowingly used, are using, and intend to continue to use Stars' Trade Secrets, Stars' Artwork, and its confidential and proprietary business information to improperly compete against Stars, including but not limited to selling the Vehicle Graphic Hoodies and Jackets to Staples.

**ANSWER:** Staples denies the allegations in this Paragraph.

96.    Staples knowingly used, is using, and intends to continue to use Stars' Trade Secrets, Stars' Artwork,  and its confidential and proprietary business information to enrich itself at Stars expense, including but not limited to procuring the Vehicle Graphic Hoodies and Jackets from Sun Coast and re-selling them to Snap-On.

**ANSWER:** Staples denies the allegations in this Paragraph.

97.    But for Back's employment with Stars, Back would not have any information related to Stars' work on behalf of Staples, Staples needs for the Vehicle Graphic Hoodies or Jackets, or the knowledge and relationships with factories to service the Staples business.

**ANSWER:** Staples denies remaining allegations in this Paragraph.

98.    Upon information and belief, the Jackets are currently in production by Stars' factory partners overseas and, as with the Vehicle Graphic Hoodies, Sun Coast intends to sell the Jackets to Staples who will, in turn, sell the Jackets to Snap-On.

**ANSWER:** Staples admits that it has engaged Sun Coast to produce custom branded jackets for sale to Staples' customer Snap-On, and that the jacket production is ongoing. Staples denies the remaining allegations contained in this Paragraph.

99.    Because Back misappropriated Stars' Trade Secrets including detailed costing, pricing and margins information, he is now in a position to undercut Stars on pricing through his employment at Sun Coast.

**ANSWER:** Staples denies the allegations with respect to the alleged Trade Secrets that form the basis of Stars' claims against Staples in this lawsuit. Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph.

### COUNT I – Damages for Defendants' Misappropriation of Trade Secrets Under the Defend Trade Secrets Act
*(Stars v. Sun Coast, Staples and Back)*

100.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

101.    Stars operates its business in interstate commerce across the United States.

**ANSWER:** Staples is without knowledge and information sufficient to admit or deny the allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

102.    Stars' Trade Secrets are related to products and services used in or intended for use in interstate commerce.

**ANSWER:** Staples denies that Stars owns the alleged Trade Secrets that form the basis of Stars' claims against Staples in this lawsuit. Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph. To the extent an answer is required, Staples denies and demands strict proof thereof.

103.    As set forth above, Defendants improperly acquired, retained and are improperly using, and may continue to use, Stars' confidential and proprietary information and Trade Secrets to compete with Stars in a matter that violates the DTSA.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

104.    Stars' Trade Secrets, identified herein, qualify as "trade secrets" under the DTSA, as defined under 18 U.S.C. § 1839(3).

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

105.    Defendants have misappropriated Stars' Trade Secrets in that they acquired the Trade Secrets while knowing or having reason to know that they did so through improper means and have acquired or derived knowledge of Stars' Trade Secrets and disclosed and used them without Stars' consent.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

106.    Defendants' violations of the DTSA have damaged Stars and Stars will continue to sustain monetary damages, including lost profits, because of Defendants' conduct.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

107.    Stars is entitled to full compensatory and consequential damages, as well as attorneys' fees, costs and expenses incurred herein.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

108.    Because Defendants' actions have been willful and malicious, Stars is entitled to exemplary damages of no more than twice the amount of damages for any actual loss and unjust enrichment.

**ANSWER**: Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

## COUNT II – Damages for Defendants' Misappropriation of Trade Secrets Under the Missouri Uniform Trade Secrets Act
### (*Stars v. Sun Coast, Staples and Back*)

109.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

36

110.    By virtue of his employment with Stars, Back had access to and acquired knowledge of Stars' confidential and proprietary information, including its Trade Secrets as defined under the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. §§ 417.450-417.467 (the "MUTSA"), including but not limited to Stars' Tech Packs, Stars' Artwork, customized product development for customers, costing, pricing structures, pricing strategies, marketing strategies and financial data.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples is without knowledge and information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore demands strict proof thereof.

111.    Such information derives independent economic value from not being known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from the information's disclosure or use.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph and demands strict proof thereof.

112.    As detailed herein, Stars has taken reasonable precautions to protect the secrecy of such information.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph and demands strict proof thereof.

113.    Accordingly, this information constitutes protectable trade secrets under the MUTSA.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the remaining allegations contained in this Paragraph and demands strict proof thereof.

114.    Defendants acted and continue to act, in conspiracy with one another to commit violations of the MUTSA by disclosing and using Stars' Trade Secrets, without Stars consent, when they knew or had reason to know that the knowledge of the Trade Secrets was acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use, derived from or through Defendants who used improper means to acquire the Trade Secrets.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

115.    In a manner that violates the MUTSA, Defendants acquired, and are using and will continue to use, the confidential and proprietary information and Trade Secrets to compete with Stars.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

116.    In a manner that violates the MUTSA, Defendants are unlawfully using, to Stars disadvantage, their knowledge of the Trade Secrets to unjustly enrich themselves at Stars expense.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

117.    Stars has been damaged by Defendants conduct as alleged herein.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

118.    Stars is entitled to full compensatory and consequential damages pursuant to Mo. Stat. § 417.457, as well as attorneys' fees, costs and expenses incurred herein.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

**COUNT III – Injunctive Relief**
(***Stars v. Sun Coast, Staples and Back***)

119.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

120.    Defendants have used, are using, and inevitably will continue to use, Stars' Trade Secrets, Stars' Artwork, and other confidential and proprietary business information unless enjoined.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

121.    Defendants misappropriation of Stars' Trade Secrets, Stars' Artwork, and use of Stars' confidential and proprietary business information causes, and threatens to continue causing, Stars to suffer irreparable harm, including but not limited to loss of clients, loss of

reputation and customer goodwill, and loss of its investment in Stars' Artwork, its Trade Secrets and confidential and proprietary business information.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

122.    This harm cannot be remedied at law and requires preliminary and permanent injunctive relief prohibiting Defendants from:

> 1.    Producing, manufacturing, ordering, selling, using, disclosing, offering or disseminating products developed or derived through the use of Stars Trade Secrets, Stars' Artwork, and other confidential and proprietary business information, including but not limited to the Vehicle Graphic Hoodies and Jackets;
>
> 2.    Soliciting former, current and prospective Stars customers in any way that involves Defendants' use of Stars' Trade Secrets, Stars' Artwork or confidential and proprietary business information;

**ANSWER:** Staples states that the allegations contained in this Paragraph  comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

123.    Stars is entitled to injunctive relief pursuant to 18 U.S.C. §1836(b)(3), restraining and enjoining Defendants, and all those in privity, concert or participation with Defendants, from engaging in wrongful acts under the DTSA.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

124.    Under the MUTSA, "[a]ctual or threatened misappropriation may be enjoined" and "in appropriate circumstances, affirmative acts to protect a trade secret may be compelled by Court Order."  Mo. Rev. Stat. §417.455.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

125.    In being subject to a preliminary and permanent injunction, Defendants shall suffer no undue prejudice or hardship as compared to that currently suffered by Stars in that Defendants will only be required to forebear from engaging in wrongful activity and violation of the DTSA and MUTSA.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

126.    Stars has a probable success on the merits of this request for injunctive relief.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

WHEREFORE, Stars respectfully requests that this Court enter judgment in favor of Stars and against Back…

**ANSWER:** Staples states the relief requested in this Paragraph is inappropriate and must be denied.

### COUNT IV – Copyright Infringement
**(*Stars v. Sun Coast, Staples and Back*)**

127.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

128.    Stars is and at all times has been the owner of all right, title and interest in and to the Stars' Artwork, including all copyright interests.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

129.    The Stars' Artwork was created by Stars' employees acting in the scope of their employment.

**ANSWER:** Staples denies the allegations contained in this Paragraph and therefore demands strict proof thereof.

130.    Pursuant to Section 106 of the Copyright Act, 17 U.S.C § 506, Stars, as the owner of the copyright in and to the Stars' Artwork, has the exclusive right to reproduce, distribute or display the Stars' Artwork and to prepare derivative works based upon the Stars Artwork.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

131.    The U.S. Copyright office has issued a registration for the Stars' Artwork, as noted in <u>Exhibit B</u>.

**ANSWER:** Staples states that the registration and registered designs referenced in this Paragraph are the best evidence of the contents contained therein and Staples denies any allegations contained in this Paragraph which are inconsistent with the same.

132.    Defendants incorporated the Stars' Artwork in its entirety on the Vehicle Graphic Hoodies depicted at Paragraphs 72 and 82 that have been sold and offered for sale to the public.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

133.    Defendants have reproduced, distributed and displayed the Stars' Artwork and have created derivative works based on the Stars' Artwork.

**ANSWER:** Staples denies the allegations contained in this Paragraph.

134.    Defendants never received permission from Stars to used or exploits the Stars' Artwork in any way.

**ANSWER:** Staples denies the allegations and all implications contained in this Paragraph.

135.    Defendants' actions as alleged above constitute willful infringement of Stars' copyright in the Stars' Artwork under Section 106 of the Copyright Act, 17 U.S.C. § 506. Stars has suffered actual damages by virtue of Defendants infringement and Defendants have profits attainable to the infringement.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

136.    Stars has suffered actual damages by virtue of Defendants infringement and Defendants have received profits attributable to the infringement.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

WHEREFORE, Stars respectfully requests that this Court enter judgment in favor of Stars and against Defendants…

**ANSWER:** Staples states the relief requested in this Paragraph is inappropriate and must be denied.

**COUNT V – Unjust Enrichment**
(***Stars v. Sun Coast, Staples and Back***)

137.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

138.    Defendants were enriched by their misappropriation of Stars' Trade Secrets, Stars' Artwork and confidential and proprietary business information.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

139.    Defendants' enrichment was at the expense of Stars.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required. To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

140.    It would be unjust to allow Defendants to retain the enrichment received.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

### Count VI - Civil Conspiracy
**(*Stars v. Sun Coast, Staples and Back*)**

141.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

142.    Defendants agreed to misappropriate Stars' Trade Secrets, Stars' Artwork, and confidential and proprietary business information to unjustly enrich themselves at Stars expense as alleged herein with the mutual objective of deriving a material benefit which they otherwise would not have received.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

143.    Defendants acted in conspiracy with one another by misappropriating Stars' Trade Secrets and confidential and proprietary business information so they could benefit from the use of such material and could utilize the information wrongfully acquired to their benefit and to Stars' detriment.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

144.    In furtherance of their conspiracy, Defendants did knowingly and voluntarily commit acts as alleged herein.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

145.    As a result, Stars was damaged.

**ANSWER:** Staples states that the allegations contained in this Paragraph comprise of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Staples denies the allegations contained in this Paragraph.

## COUNT VII – Violations of Missouri Computer Tampering Act
### (*Stars v. Back*)

146.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

147.    Back, knowingly, without authorization, and in furtherance of the conspiracy with Sun Coast and Staples, accessed data or programs residing or existing internal to computers and/or devices owned and maintained by Stars, and then transferred said data or programs to storage devices and/or accounts owned or maintained by him.

**ANSWER:** The allegations in Count VII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

46

148.    Back, knowingly and without authorization or reasonable grounds to believe he had such authorization modified and/or destroyed data or programs residing or existing internal to computers and/or other devices owned by Stars.

**ANSWER:** The allegations in Count VII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

149.    Stars was damaged as a result of Back's conduct.

**ANSWER:** The allegations in Count VII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

150.    Said actions taken by Back violated the Missouri Computer Tampering Act, Mo. Rev. Stat. §§537.525, 569.095-569.099, entitling Stars to compensatory damages and attorneys fees pursuant to Mo. Rev. Stat. §537.525.1.

**ANSWER:** The allegations in Count VII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

### COUNT VIII – Breach of Fiduciary Duty/Duty of Loyalty
#### (*Stars v. Back*)

151.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

152.    During the course of Back's employment with Stars, Back owed Stars duties of care, good faith, loyalty, and candor.

**ANSWER:** The allegations in Count VIII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

153.    Back owed duties to Stars to refrain from taking, disseminating and using its Trade Secrets, Stars' Artwork and confidential and proprietary business information to wrongfully compete with Stars and enrich himself at Stars expense.

**ANSWER:** The allegations in Count VIII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

154.    Back breached his fiduciary duties to Stars as alleged herein.

**ANSWER:** The allegations in Count VIII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

155.    As a result of Back's conduct, Stars was damaged.

**ANSWER:** The allegations in Count VIII are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

### COUNT IX – CONVERSION
### (*Stars v. Back*)

156.    Stars incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

**ANSWER:** Staples incorporates by reference and reasserts its answers to all preceding Paragraphs as if fully set forth herein.

157.    The laptop issued to Back, and the information contained therein, is owned by Stars.

**ANSWER:** The allegations in Count IX are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that it lacks knowledge and information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies the same.

158.    Stars is entitled to possession of the laptop.

**ANSWER:** The allegations in Count IX are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

159.    The laptop contains Stars' Trade Secrets and other confidential and proprietary business information.

**ANSWER:** The allegations in Count IX are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

160.    Back failed and refused to return the laptop.

**ANSWER:** The allegations in Count IX are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that it lacks knowledge and information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies the same.

161.    As a result, Stars was deprived of its right of possession of the laptop, and the Trade Secrets and confidential and proprietary information contained therein, following Back's resignation.

**ANSWER:** The allegations in Count IX are not directed at Staples, as such no response is required. To the extent a response is deemed necessary, Staples states that the allegations contained in this Paragraph comprise of legal conclusions and therefore denies the same.

## II.    AFFIRMATIVE DEFENSES

Staples' responses to the numbered Paragraphs of the Complaint set forth above are made subject to the defenses below.  Unless expressly admitted above, Staples denies the allegations of the Complaint and demands strict proof thereof.

1.    For further answer and for their First Affirmative Defense, Staples states that Stars fails to adequately identify the information alleged to be a "Trade Secret". Moreover, Stars failed to identify how the purported Trade Secrets were allegedly misappropriated by Staples.

2.    For further answer and for their Second Affirmative Defense, Staples states that Stars' purported copyright is invalid and/or unenforceable in that the purported copyright was a work for hire commissioned by Staples after its representative Patty Mendoza, acting in her capacity as a Staples employee, independently ideated the image and requested that Stars prepare the same for Staples' use in promotional products for its client Snap-On Tools.

3.    For further answer and for their Third Affirmative Defense, Staples states that Stars' purported copyright is invalid and/or unenforceable in that the purported Copyright, which was obtained a week before this Complaint was filed, is an image of a vehicle in front of a map of Wisconsin which heavily incorporates the registered trademark of Snap-On Tools and is not an independent work of art but rather is admittedly purely created for commercial use. There is nothing creative that Stars authored within the purported copyright that would entitle it to protection against Staples' use. To the extent that Staples infringed upon the copyright, which Staples denies, Staples's use of the copyright is fair under the circumstances.

4.      For further answer and for their Fourth Affirmative Defense, Staples states that Stars' unjust enrichment claim fails because the alleged benefit, which Staples denies, was not conferred to Staples, or was conferred to Staples without its knowledge, request or acceptance of the same. *See Dalton v. Bundy*, 666 S.W.2d 443 (Mo. Ct. App. W.D. 1984). Even if a benefit were conferred and appreciated, which Staples denies, no injustice resulted from retention of the benefit such that no cause of action for unjust enrichment may lie. *See Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. W.D. 2010).

5.      For further answer and for their Fifth Affirmative Defense, Staples states that any claims for equitable relief, including Stars' claim for injunctive relief and Unjust Enrichment, are barred by the doctrine of unclean hands.

6.      For further answer and for their Sixth Affirmative Defense, Staples states that to the extent that Plaintiff suffered damages, which Staples expressly denies, Plaintiff failed to mitigate its damages.

7.      For further and their Seventh Affirmative Defense, Staples states that Stars failed to identify its Trade Secrets with reasonable particularity as information such as product designs and specifications, costs, names of customers, suppliers, and/or vendors, and general market knowledge are not secret and/or proprietary and are readily available in the public domain. Thus Stars has failed to state a claim.

8.      For further and their Eighth Affirmative Defense, Staples states that the common law claims contained in Count V (unjust enrichment), Count VI (civil conspiracy), and Count VIII (breach of fiduciary duty/loyalty) are preempted by MUTSA.

9.      For further and their Ninth Affirmative Defense, Staples states that Count III fails to state a claim as injunctive relief is merely a remedy and not an independent cause of action.

10.    For further and their Tenth Affirmative Defense, Staples states that Stars' claims are barred by the doctrines of license, consent, and acquiescence. Staples was authorized to use the subject designs by the purported owner or co-owner of the purported copyright.

11.    Staples reserves the right to assert any further affirmative defenses that are identified in the course of discovery and throughout the remainder of this litigation.

WHEREFORE, having fully answered the allegations set forth in the Complaint, Staples respectfully request that the Court dismiss the Complaint, with costs assessed against Plaintiff, and for such other and further relief as the Court deems just and proper under the circumstances.

## III.    <u>COUNTERCLAIM</u>

COME NOW Counterclaimant Staples Promotional Products, a division of Staples Contract & Commercial LLC ("Staples" or "Counterclaimant"), by and through its undersigned counsel, and for its Counterclaim to Plaintiff Stars Design Group, Inc. ("Stars") Complaint, states as follows:

### <u>PARTIES, JURISDICTION AND VENUE</u>

1.    Counterclaimant is a Delaware limited liability company with its principal place of business located at 500 Staples Drive, Framingham, MA 01702.  Staples Promotional Products is a division of the company and has a place of business located at 10851 Mastin Boulevard, Overland Park, KS 66210.

2.    Counterclaim Defendant Stars is a Missouri corporation with its principal place of business located at 1301 Gravois Ave., St. Louis, MO 63104

3.    Defendant Sun Coast Merchandise Corp. ("Sun Coast") is a California corporation.

4.     Defendant Back is an individual residing in Kirkwood, St. Louis County, Missouri.

5.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Staples asserts federal claims under the Copyright Act, 17 U.S.C §101 et seq. (the "Copyright Act").

6.      This Court also has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367, because the counterclaim form a part of the same case or controversy as Stars' federal question claims.

7.      Venue is proper in this Court because a substantial part of the actions giving rise to this lawsuit occurred in the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

8.      Staples sells custom promotional products, including apparel, to business customers throughout North America, including its major customer Snap-On Tools ("Snap-On").

9.      The customers' trademarks or logos are often applied to these custom promotional products.

10.      Sun Coast has been a significant supplier of Staples for more than a decade. For the past several years, Sun Coast has been designated as a "Diamond Supplier," which is Staples' highest supplier rating.

11.      Stars has also been a supplier of Staples on-and-off for more than a decade, but on a much lesser scale than Sun Coast. Stars never received "Diamond Supplier" status with Staples, and certain aspects of its financial requirements and its operational performance were concerning from Staples' perspective.

12.      During the period from approximately 2010 to 2020, Staples placed only a small amount of orders from Stars, and in most of those years, did not order anything from Stars.

13.      In or around 2021, Stars began supplying apparel for Staples' customer Snap-On.

14.    Staples' employee Patricia 'Patty' Mendoza ("Mendoza") was a representative of Staples who interacted regularly with Stars with respect to apparel for Snap-On.

15.    Former Stars' employee Casey Zona ("Zona") was a representative of Stars who interacted regularly with Staples, including with Ms. Mendoza, with respect to apparel for Snap-On.

16.    In 2022, Staples began preparing to develop hooded sweatshirts for Snap-On (the "Snap-On Hoodie Project").

17.    Initially, Staples considered using Stars to produce the hoodies for the Snap-On Hoodie Project.

18.    In or around mid-2022, Ms. Mendoza attended a meeting with Ms. Zona at Stars' office.

19.    During the meeting, Ms. Mendoza noticed artwork hanging on the wall of Stars' office that featured a map and a vehicle.

20.    Upon information and belief, the artwork was a third-party product that had been purchased by Zona or Stars, not something created internally by Stars.

21.    Inspired by the artwork, Ms. Mendoza, acting in her capacity as an employee of Staples, came up with the novel idea of using a map and vehicle concept for Snap-On hoodies and t-shirts.

22.    Ms. Mendoza's idea was to place "retro" but generic vehicles (e.g., a motorcycle without any Harley Davidson logos) covered with Snap-On's trademark in front of a map of Kenosha, Wisconsin (the location of Snap On's headquarters) and the surrounding area.

23.    The idea was entirely that of Ms. Mendoza.

24.    Ms. Mendoza directed Stars to develop product designs consistent with her idea.

25.    At Ms. Mendoza's direction, Stars then developed and submitted to Staples the following designs ("Hoodie Designs") based upon Ms. Mendoza's idea:







26.    The Hoodie Designs were meant to be affixed to apparel that would ultimately be sold to Snap-On, as the designs incorporated Snap-On's trademark.

27.    The Hoodie Designs acknowledged Snap-On's trademark, as the designs contained the ™ identifier.

28.    Staples and Stars have a Supplier Agreement in which it states that "[a]ny rights or purported rights in any trademark, logo-type, trade name or insignia of any [Staples] customer ("SPP Customer Marks") acquired through [Star's] use shall belong solely to the applicable customer of [Staples]." *See* Doc. #1-3.

29.    Stars then sought Ms. Mendoza's approval of the Hoodie Designs so that the hoodies could be ordered for sampling.

30.    Ms. Mendoza reviewed the Hoodie Designs that she had directed Stars to produce, approved the order for sampling, and samples of hoodies featuring the Hoodie Designs were then sent to Staples.

31.     Under the Staples and Stars Supplier Agreement, Staples owns the designs, concepts, and intellectual property in the custom products developed for Staples' customers, including Snap-On.  Staples therefore owns all of the designs, concepts, and intellectual property in the hoodies that were designed for Snap-On in 2022, namely the Hoodie Designs. *See* Doc. #1-3.

32.     After the samples were ordered by and sent to Staples, the Snap-On Hoodie Project stalled.

33.     In 2023, the Snap-On Hoodie Project reemerged. Staples shifted the project to Sun Coast due to, among other things, concerns about the lack of stability and support from Stars.

34.     Upon information and belief, in preparation for filing its Complaint, on or about April 24, 2024, Stars wrongfully registered the Hoodie Designs with the U.S. Copyright Office.

35.     The Hoodie Designs, which included Snap-On's registered trademark, were granted copyright registration by the U.S. Copyright Office with an effective date of April 24, 2024 under Registration Number Vau 1-524-364 (the "Copyright").

## CAUSES OF ACTION

## COUNT I – DECLARATORY JUDMENT OF OWNERSHIP OF COPYRIGHT

36.     Staples incorporates by reference and realleges the foregoing allegations as if fully set forth herein.

37.     An actual case or controversy exists between Staples, on one hand, and Stars, on the other, based upon Stars' filing of a Complaint for copyright infringement. Staples has been injured and damaged by Stars' filing of the Complaint asserting a registered copyright that is invalid and unenforceable.

38.    Stars alleges itself to be the owner of the Copyright Registration Number Vau 1-524-364 (the "Copyright") for the Hoodie Designs, effective April 24, 2024.

39.    The Certificate of Registration Number Vau 1-524-364 states that Stars is the author of the Hoodie Designs.

40.    Stars is not the true and original author of the Hoodie Designs.

41.    Staples, via its employee Patty Mendoza, is the true and original author and owner of the Hoodie Designs.

42.    Staples, by virtue of the Supplier Agreement, is the owner of the Hoodie Designs.

43.    Stars, as the applicant for the Copyright Registration Number Vau 1-524-364, failed to disclose Staples as a true and original author of the Hoodie Designs, as required by 17 U.S.C. § 409.

44.    Copyright Registration Number Vau 1-524-364 for the Hoodie Designs is invalid and unenforceable as a result of Stars' failure to comply with the statutory requirements for registration of a copyright set out in 17 U.S.C. §§ 408 and 409.

45.    Staples has been damaged and has incurred substantial attorneys' fees and other expenses in defending against Stars' Complaint and prosecution of its copyright infringement and related claims.

WHEREFORE, Staples prays that this Court order the Register of Copyrights to cancel the Copyright Registration Number Vau 1-524-364, award Staples its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and for other and such further relief as the Court deems just and proper.

Dated: June 26, 2024                    Respectfully submitted,

McCARTHY, LEONARD & KAEMMERER, L.C.

BY:    /s/ *Peter A. Corsale*

Peter A. Corsale, #57220
Brian E. McGovern, #34677
Alexander J. Lindley, #71053
pcorsale@mlklaw.com
bmcgovern@mlklaw.com
alindley@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town and Country, MO  63017
Phone: (314) 392-5200
Fax:    (314) 392-5221

*Counsel for Defendant*
*Staples Promotional Products*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the court's efiling system on all attorney(s) of record on this 26th day of June, 2024.

/s/ *Peter A. Corsale*