UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STARS DESIGN GROUP, INC., )
)
      Plaintiff, )
)
vs. ) Case No. 4:24CV620 HEA
)
SUN COAST MERCHANDISING )
CORPORATION, et al., )
)
      Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Quash, [Doc. No. 45]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

Plaintiff's Motion for Preliminary Injunction is set for hearing on September 10, 2024. Plaintiff requested leave to conduct limited discovery for the purposes of the hearing. The Court granted the motion allowing discovery to the extent necessary for the purposes of that hearing. In that regard, Plaintiff served subpoenas on four or five non-parties[1] seeking communications between them and employees of Defendant Sun Coast, including Defendant Jeff Back. Defendants filed this motion seeking to quash the subpoenas as overbroad, unduly burdensome, and seeking confidential information.

---

[1] Defendants argue Plaintiffs served a subpoena on non-party SnapOn. Plaintiffs fail to argue in support of any subpoena issued to SnapOn. This discrepancy, however, is immaterial since the rulings herein apply to any subpoena served on a non-party.

District courts have broad discretion to limit discovery and decide discovery motions. *V&B Properties LLC v. Atl. States Ins. Co.*, No. 8:23CV348, 2024 WL 1908100, at *7 (D. Neb. May 1, 2024); *Wilbur-Ellis Co. v. Gompert*, No. 8:21CV340, 2023 WL 6038022, at *1 (D. Neb. Sept. 15, 2023) (citing *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)).

The Court reviews the parties' positions under Fed. R. Civ. P. 26 and 45. Rule 26 defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery that is unreasonably burdensome, cumulative or outside the scope permitted by Rule 26(b)(1) should be limited by the Court.

Fed. R. Civ. P. 45 governs discovery from non-parties through the issuance of subpoenas. Rule 45 provides that non-parties may be commanded to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." However, "[t]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34 and is subject to the rules that apply to other methods of discovery." *Desert Orchid Partners, LLC v. Transaction System Architects, Inc.*, 237 F.R.D. 215, 217 (D. Neb. 2006) (quotation omitted). A subpoena "must seek relevant information." *Phelps-Roper v. Heineman*, No. 4:09CV3268, 2014 WL 562843, at *1 (D. Neb. Feb. 11, 2014).

Once relevance is determined, "[u]nless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden" and the party opposing discovery "has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Jones v. McNeese*, No. 4:09CV3264, 2010 WL 4024755, at *2 (D. Neb. Oct. 13, 2010) (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001)); see also *Sheng Int'l Co. v. Prince Americas, LLC*., No. 8:20CV124, 2021 WL 4918233, at *3 (D. Neb. Oct. 21, 2021).

Curiously, the non-parties have not filed objections to the subpoenas, nor have they filed a motion to quash. Rather, Defendants seek to quash the subpoenas, but have failed to advise the Court of the basis for which they are filing the motion on behalf of the non-parties. Defendants argue the subpoenas are overbroad and subject the non-parties to undue burden because the information requested via the subpoena can be obtained via Defendant. They further argue the subpoenas request confidential information.

The Court disagrees that the subpoenas are overly broad. Plaintiff has limited the extent of the communications to a specific, limited time. The requests also limit the number of employees subject to the communications.

"To withhold information under a claim that the information is 'confidential' ... [a party] must demonstrate the confidential and proprietary nature of the discovery and the need for non-disclosure." *Wagner*, 208 F.R.D. at 612. "Confidential business information is property, but the extent of the property right and the entitlement to withhold it from discovery depends on whether the business has attempted to keep it secret." *Id*. (first citing *Carpenter v. United States*, 484 U.S. 19, 26 (1987), and then citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)). Whether the information is confidential would require further documentation.

Notwithstanding the issues regarding the confidentiality of the requests, the Court agrees with Defendants that the information can be obtained from Defendants. Indeed, Plaintiff has already sought the information from Defendants. While Plaintiff is suspect of Defendants full disclosure, Plaintiff's jaded outlook is not a basis upon which to impose a burden on non-parties.

The Court has reviewed the subpoenas at issue and, upon review, finds that the requested discovery will be provided to it by Defendants. Ergo, it is unduly burdensome on the non-parties to require them to produce the same information. In the event Plaintiff has a supportable basis for challenging the veracity of Defendants' responses to discovery, Plaintiff is free to request Court intervention.

Accordingly,

**IT IS HEREBY ORDERED** that on Defendants' Motion to Quash, [Doc. No. 45], is granted.

Dated this 11th day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE